STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CARLSON SUPPLY COMPANY, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Morris County Court
Law Division

Decided December 6, 1957.

*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey (*Miss June D. Strelecki,* Deputy Attorney-General, appearing), attorney for plaintiff-respondent.

*Messrs. McDonald & Podesta (Mr. Charles J. Myers,* appearing), attorney for defendant-appellant.

BARRETT, J. C. C. The defendant-appellant was found guilty of violating *R. S.* 39:3–84 by the magistrate of Riverdale Borough, from which conviction it appeals.

The facts by stipulation indicate that on February 13, 1957 a truck owned by the defendant-appellant was being driven by its agent and servant in the northbound lane on Route No. 23 in the Township of Pequannock, Morris County, at which time the truck was ordered to a halt by a state trooper. The point where the truck was halted was near where Garden Road intersects State Highway No. 23 in Pequannock Township. The state trooper directed the driver of the truck to follow him to weighing scales in the Borough of Riverdale, at which place the truck and load was found to be overweight, and thereupon a summons and complaint was issued out of Municipal Court of the Borough of Riverdale and served upon the president of the defendant-appellant corporation at its offices in Pequannock Township, and thereafter a trial was had in the Borough of Riverdale and the defendant-appellant found to be guilty.

On the appeal the defendant-appellant moved for a dismissal of the case on the ground that the magistrate of the Borough of Riverdale did not have jurisdiction since the offense was committed in the Township of Pequannock.

The plaintiff-respondent contends that the offense is a continuing one and that it continued from the Township of Pequannock into the Borough of Riverdale, and therefore the Municipal Court of Riverdale Borough had jurisdiction.

While the complaint states that the defendant-appellant did unlawfully operate a motor vehicle in the Borough of Riverdale, this is not an actual fact under the conditions that existed. If the state trooper had not directed the driver to go into the Borough of Riverdale, he never would have been in that municipality. If the defendant-appellant's truck had passed through two or more municipalities in connection with the business of the defendant-appellant, it

certainly would have met the conditions required to make the offense a continuing one. Under the circumstances existing here, the offense was not a continuing one.

*R. R.* 8:6 provides that the prosecution shall be had in the jurisdiction in which the offense was committed.

The municipal magistrate of the Borough of Riverdale did not have jurisdiction and therefore the conviction of the defendant-appellant is void *ab initio,* and therefore the conviction of the defendant-appellant is set aside and an order may be presented accordingly.